Felix J. Atjlisi, J.
At the September 7, 1961 primary election, the petitioner, Robert A. Ashline, and the respondent, John F. Toppeta, were candidates for the Democratic party nomination of Supervisor for the 14th Ward in the City of Schenectady. The Inspectors of Election certified to the respondents, Haley and Kehoe, Commissioners of Election, that 213 votes were cast for Toppeta and 211 for Ashline.
Seeking a judicial recanvass, review and recount of all the ballots cast for said position Mr. Ashline obtained an order to show cause for said relief. A recount of said ballots was had before the court and this resulted in a tie, each candidate receiving 214 votes. The parties now seek instructions from the court as to how the tie should be resolved.
It is contended by Mr. Ashline that the court should order a new primary election or in the alternative direct that the vacancy be filled by a majority of the members of the Democratic County Committee of the 14th Ward elected in the 1959 primary. He urges that on September 7, 1961 the last elected committeemen were those who assumed office as a result of the 1959 primary. I find that I cannot agree with him.
While it is true that the Supreme Court has broad powers in election matters, those powers must be exercised in the light of the authority granted by the Legislature. The statute, section 330 of the Election Law, provides that the court may direct the holding of a new primary election where said election has been characterized by such frauds and irregularities as to render impossible a determination as to who rightfully was nominated. I find no evidence of fraud or irregularity here and indeed, all of the parties to this proceeding, including the petitioner, fail to raise the question. To order a new primary election would, in my opinion, be a needless expenditure of the taxpayers’ money and this is particularly so when we consider the fact that the Legislature has provided for just a situation as we have here.
Subdivision 3 of section 140 of the Election Law provides as follows: “ A vacancy in a nomination made at a fall primary, or by a tie vote thereat, may be filled by a majority of the members of the county committee or committees last elected in the political subdivision in which such vacancy occurs, present at a meeting at which there is a quorum, or by a majority of such other committee as the rules of the party may provide.” The rules and by-laws of the Schenectady County Democratic party do not make any provision for the resolution of a tie. Therefore, the only committee that is authorized to fill the vacancy, in my belief, is the committee last elected in the 14th Ward. I constmé the words “ last elected ” to mean that which is most recent, *174 that which is to follow all others, that which is to remain, that which is to continue and that which next preceded the present time. It is my view that the plain intendment of the statute is that the ‘ ‘ last elected ’ ’ committeemen were those voted on at the September 7, 1961 primary. The legislative intention is further demonstrated by section 13 of the Election Law which provides in part that “ The members of both committees [State and County] shall hold office until the election of their successors ” (italics supplied). Can it be said that the law intends that the former committeemen should continue to act in such matters as filling vacancies occurring or existing after the primary election í I do not think so.
In conclusion, I therefore, hold and decide that the vacancy existing in the nomination of a Supervisor on the Democratic ticket in the 14th Ward of the City of Schenectady, shall be filled by a majority of the members of the Democratic County Committee of said ward elected on September 7,1961.